JS 44 (Rev. 12/12)

Case 1:15-cv-22282-KMM   Document 1   Entered on FLSD Docket 06/16/2015   Page 1 of 13

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
JANE DOE NO. 50, by and through MOTHER DOE, as her parent and natural guardian, and MOTHER DOE, individually

**(b)** County of Residence of First Listed Plaintiff   Miami-Dade
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Herman Law, 3351 NW Boca Raton Boulevard, Boca Raton, FL 33431

## DEFENDANTS
CHARTER SCHOOLS USA, INC., RENAISSANCE CHARTER SCHOOL, INC., and CHARTER SCHOOLS USA AT KEYS GATE, L.C.

County of Residence of First Listed Defendant   Miami-Dade
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question *(U.S. Government Not a Party)*
☐ 2  U.S. Government Defendant
☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | PROPERTY RIGHTS | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | PERSONAL PROPERTY | LABOR | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | SOCIAL SECURITY | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | FEDERAL TAX SUITS | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | IMMIGRATION | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | Other: | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
20 U.S.C. Sect. 1681(a)
Brief description of cause:
Sexual harassment by students at public charter school

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE                                 DOCKET NUMBER

DATE: 06/16/2015
SIGNATURE OF ATTORNEY OF RECORD: /s/ Jeffrey M. Herman

FOR OFFICE USE ONLY
RECEIPT #        AMOUNT        APPLYING IFP        JUDGE        MAG. JUDGE

**EXHIBIT A**

Case 1:15-cv-22282-KMM   Document 1   Entered on FLSD Docket 06/16/2015   Page 2 of 13

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. :

JANE DOE NO. 50, by and through
MOTHER DOE, as her parent and
natural guardian, and
MOTHER DOE, individually,

    Plaintiff,

vs.

CHARTER SCHOOLS USA, INC., RENAISSANCE,
CHARTER SCHOOL, INC., and CHARTER
SCHOOLS USA AT KEYS GATE, L.C.;

    Defendants.

_____/

## COMPLAINT

JANE DOE NO. 50, by and through MOTHER DOE as parent and natural guardian, and MOTHER DOE individually, bring this Complaint against Defendants, CHARTER SCHOOLS USA, INC., RENAISSANCE CHARTER SCHOOL, INC., and CHARTER SCHOOLS USA AT KEYS GATE, L.C., as follows:

### PARTIES AND JURISDICTION

1. Plaintiff JANE DOE NO. 50 (hereafter "JANE DOE") is a minor child and a resident of Miami-Dade County, Florida. MOTHER DOE is *sui juris* and an adult resident of Miami-Dade County, Florida. She is the mother and natural guardian of JANE DOE.

2. Defendant CHARTER SCHOOLS USA, INC. (hereafter "CHARTER SCHOOLS USA") is a Delaware for-profit corporation whose principal place of business is in Fort Lauderdale, Florida.

Jane Doe No. 50 vs. Charter Schools USA, Inc.
Case No:
Complaint

3. Defendant CHARTER SCHOOLS USA AT KEYS GATE, L.C., is a Florida Limited Liability Company whose principal address is in Fort Lauderdale, Florida.

4. Defendant RENAISSANCE CHARTER SCHOOL, INC., is a Florida non-profit corporation, with its principal address in Fort Lauderdale, Florida.

5. During the relevant time period, CHARTER SCHOOLS USA, CHARTER SCHOOLS USA AT KEYS GATE, L.C., and RENAISSANCE CHARTER SCHOOL, INC. owned, operated, maintained, and/or staffed KEYS GATE CHARTER HIGH SCHOOL, located at 2325 Southeast 28th Avenue, Homestead, Florida. (Hereinafter, CHARTER SCHOOLS USA, INC., CHARTER SCHOOLS USA AT KEYS GATE, L.C., and RENAISSANCE CHARTER SCHOOL, INC., shall be collectively referred to as "KEYS GATE CHARTER HIGH SCHOOL" or the "CHARTER SCHOOL"). The Defendants receive federal financial funding.

6. The court has federal question subject matter jurisdiction of this action pursuant to 28 U.S.C. §1331 and 20 U.S.C. §1681(a). The Court has supplemental jurisdiction of Plaintiff's state law claims under 28 U.S.C. §1367.

7. The Court has venue of this action under 28 U.S.C. §1391 as Keys Gate Charter High School is located in this District, the Plaintiffs resided in this District at all material times, and a substantial part of the events and omissions giving rise to the claim occurred in this District.

## FACTS

8. This is an action for injury to the Plaintiffs arising from the sexual assault of JANE when she was a 16 years old student at KEYS GATE CHARTER HIGH SCHOOL. At the time of the filing of this Complaint, JANE is 17 years old.

2

Jane Doe No. 50 vs. Charter Schools USA, Inc.
Case No:
Complaint

9. T.F., a male, was an 18 year old student at KEYS GATE CHARTER HIGH SCHOOL at the time of the sexual assault described below.

10. R.G., a male, was a student at KEYS GATE CHARTER HIGH SCHOOL at the time of the sexual assault described below.

11. Upon information and belief, T.F. and R.G. were given preferential treatment by CHARTER SCHOOL staff due to their status as football players. T.F. and R.G. were freely allowed to wander the hallways of KEYS GATE CHARTER HIGH SCHOOL, and entered and exited classrooms, offices and restricted areas whenever they desired.

12. JANE began attending KEYS GATE CHARTER HIGH SCHOOL in the 9th grade during the 2011-2012 school year.

## ACTUAL NOTICE OF SEXUAL HARASSMENT

13. During the 2012-2013 school year, T.F. and R.G. began to continually sexually harass JANE at KEYS GATE CHARTER HIGH SCHOOL.

14. The sexual harassment perpetrated by T.F. and R.G. included, but was not limited to: telling JANE the sexual acts they would like to do to her, including having vaginal and oral intercourse with JANE; rubbing against JANE's breast in the hallway of KEYS GATE CHARTER HIGH SCHOOL; the touching of JANE's buttocks by one of the two boys; and asking JANE if she was a virgin and if she had ever had oral sex with a boy before.

15. T.F. and R.G. frequently entered her classroom while class was in session in order to harass JANE. On several occasions, the two boys sexually harassed JANE, asking her to leave her classroom to engage in sexual activities. On at least one occasion, the two boys told JANE to meet them in the bathroom. Jane refused all of these advances.

16. In or about September 2013, MOTHER DOE met with KEYS GATE CHARTER

3

Case 1:15-cv-22282-KMM   Document 1   Entered on FLSD Docket 06/16/2015   Page 5 of 13

Jane Doe No. 50 vs. Charter Schools USA, Inc.
Case No:
Complaint

HIGH SCHOOL guidance counselor Ifreka Singh. JANE was also in attendance at this meeting.

17. During this meeting, JANE became visibly upset and reported to Ms. Singh the sexual harassment perpetrated on her by T.F. and R.G. Ms. Singh told MOTHER DOE and JANE that she was sure it was not anything too serious and that the kids talk like this all of the time. However, she stated that she would look into the situation.

18. At this meeting, Ms. Singh adjusted JANE's schedule but JANE continued to be assigned to the same class as one of the boys who was harassing her.

19. On at least two occasions, MOTHER DOE called KEYS GATE CHARTER HIGH SCHOOL attempting to speak with KEYS GATE CHARTER HIGH SCHOOL's principal to complain that JANE was still being harassed by R.G. and T.F. MOTHER DOE was told that the principal was unable to speak with her.

20. In or about September 2013, MOTHER DOE went to KEYS GATE CHARTER HIGH SCHOOL to speak with KEYS GATE CHARTER HIGH SCHOOL's principal to complain that her daughter was still being harassed by R.G. and T.F. The principal was not available so MOTHER DOE again met with guidance counselor Ms. Singh. In this meeting, MOTHER DOE again reported to Ms. Singh that JANE was being harassed by T.F. and R.G.

21. JANE was called out of class on at least one occasion to meet with Ms. Singh and discuss her schedule and interactions with T.F. and R.G.

22. In or about October 2013, MOTHER DOE met with Principal Baez to inform her that she intended on transferring JANE from KEYS GATE CHARTER HIGH SCHOOL to Killian High School because JANE was still being harassed by T.F. and R.G. JANE thereafter transferred to Killian High School.

23. A few months later, a representative from KEYS GATE CHARTER HIGH

4

Case 1:15-cv-22282-KMM   Document 1   Entered on FLSD Docket 06/16/2015   Page 6 of 13

Jane Doe No. 50 vs. Charter Schools USA, Inc.
Case No:
Complaint

SCHOOL contacted Mother Doe. The representative asked MOTHER DOE to send JANE back to KEYS GATE CHARTER HIGH SCHOOL and assured MOTHER DOE that if JANE returned her school environment would be safe.

24. Following this phone call, MOTHER DOE met with KEYS GATE CHARTER HIGH SCHOOL principal Corinne Baez to discuss JANE returning to KEYS GATE CHARTER HIGH SCHOOL. During the meeting, MOTHER DOE informed Ms. Baez of the details of the sexual harassment JANE suffered from T.F. and R.G. Ms. Baez assured MOTHER DOE that the school had zero tolerance for sexual harassment and actions that would make students unsafe. MOTHER DOE allowed JANE to return to KEYS GATE CHARTER HIGH SCHOOL based on these assurances.

25. As a result of this meeting with MOTHER DOE, Ms. Baez, the highest ranking official at KEYS GATE CHARTER HIGH SCHOOL, with the authority to take corrective measures on behalf of JANE to prevent further sexual harassment by R.G. and T.F., had actual notice of R.G. and T.F.'s sexual harassment of JANE.

26. Due to this actual notice, KEYS GATE CHARTER HIGH SCHOOL was aware that R.G. and T.F. had a proclivity for sexual harassment and sexually inappropriate behavior, particularly toward JANE DOE, and that it was substantially certain to continue if corrective measures were not undertaken, as Principal Baez had promised to MOTHER DOE.

## DELIBERATE INDIFFERENCE

27. Despite actual notice of R.G. and T.F.'s sexual harassment and inappropriate behavior with JANE, Principal Baez and the KEYS GATE CHARTER HIGH SCHOOL officials and administrators with authority to take corrective measures on behalf of the Defendants demonstrated deliberate indifference by choosing not to take any corrective action against R.G.

5

Case 1:15-cv-22282-KMM Document 1 Entered on FLSD Docket 06/16/2015 Page 7 of 13

Jane Doe No. 50 vs. Charter Schools USA, Inc.
Case No:
Complaint

and T.F. to prevent future sexual harassment of JANE. As a result, R.G. and T.F. continued to have unfettered access to JANE at KEYS GATE CHARTER HIGH SCHOOL, and R.G. and T.F. continued to sexually harass JANE at KEYS GATE CHARTER HIGH SCHOOL.

## SEXUAL HARASSMENT/SEXUAL ASSAULT OF JANE

28. On or about April 15, 2014, Jane was using the restroom at KEYS GATE CHARTER HIGH SCHOOL in between her scheduled classes. No one was in the restroom when she entered her stall.

29. R.G. entered the restroom and yelled JANE'S name. R.G. then opened JANE'S stall door, grabbed JANE by the arm and demanded sex. R.G. pulled JANE out of the bathroom and into the CHARTER SCHOOL hallway. T.F. met R.G. and JANE in the hallway.

30. R.G. reiterated that he and T.F. wanted to have sex with JANE. JANE said no but R.G. persisted.

31. T.F. told R.G. that he was going to retrieve the keys to CHARTER SCHOOL Dean of Students Jamaal Fairley's office from Jamaal Fairley himself. T.F. told R.G. to hold JANE while he went to retrieve the keys from Jamaal Fairley.

32. Dean of Students Jamaal Fairley is the brother of KEYS GATE CHARTER HIGH SCHOOL Assistant Athletic Director Jamie Fairely.

33. While he was waiting for T.F. to return, R.G. took JANE to the boy's locker room. R.G. pulled out his penis and told JANE to "suck it." JANE was shocked, frightened and did not know how to react. R.G. forced his penis into JANE'S mouth.

34. T.F. returned with the keys to Jamaal Fairley's office and the two boys brought JANE to Jamaal Fairley's office.

35. In the office, T.F. and R.G. forced Jane to perform oral sex on them at the same

6

Jane Doe No. 50 vs. Charter Schools USA, Inc.
Case No:
Complaint

time. The boys took turns receiving oral sex and at one point the two boys stuck their penises inside her mouth at the same time. R.G. and T.F. attempted to choke Jane by pushing their penises as far into her mouth as possible. R.G. and T.F. each ejaculated into Jane's mouth.

36. R.G. and T.F. threatened JANE not to tell anyone about the incident or they would sexually assault her again.

37. As a result of the sexual assault of JANE by R.G. and T.F., JANE has suffered severe psychological, emotional and physical injuries, and emotional distress arising out of the physical injuries, pain and suffering, mental anguish, inconvenience, loss of capacity for the enjoyment of life, inability to lead a normal life, shame, humiliation and regression. The injuries and damages are permanent and continuing in nature.

38. The sexual assault of JANE occurred on a date subsequent to MOTHER DOE's meeting with Principal Baez.

## COUNT I

### Violation of Title IX, Education
### Amendments of 1972 - 20 U.S.C. §1681 et seq.
### (Against All Defendants)

39. Plaintiff JANE DOE repeats and re-alleges the allegations set forth in paragraphs 1 through 38 above.

40. At all relevant times, the Defendants received federal financial assistance.

41. JANE had a right to not be subject to sexual discrimination, harassment or abuse while she participated in the Defendant's education program or activity receiving federal financial assistance.

42. Upon information and belief, Defendants had actual notice that R.G. and T.F. were sexually harassing JANE and posed a grave danger to JANE and other female students in

7

Jane Doe No. 50 vs. Charter Schools USA, Inc.
Case No:
Complaint

the school of further sexual harassment and abuse.

43.   The prior complaints to Principal Baez and other KEYS GATE CHARTER HIGH SCHOOL officials and administrators of sexual harassment by R.G. and T.F. from JANE and MOTHER DOE, alerted Principal BAEZ and other agents and officials of Defendants to R.G. and T.F.'s sexual harassment of and sexually inappropriate behaviors with JANE.

44.   Corinne Baez, as Principal, and other KEYS GATE CHARTER HIGH SCHOOL officials and administrators with actual notice, had authority to institute corrective measures on behalf of the Defendants, in response to the danger posed by R.G. and T.F.

45.   Upon information and belief, the decisions of Principal Baez and the Defendants, after receipt of actual notice of sexual harassment by R.G. and T.F., to allow R.G. to continue to attend school without instituting any corrective measures, were official decisions to ignore the danger of sexual harassment or sexual abuse to JANE and the female students in their care.

46.   In response to actual notice that R.G. and T.F. posed a risk of sexual harassment or abuse to students at KEYS GATE CHARTER HIGH SCHOOL, Principal Baez, and the Defendants could have instituted any of a number of corrective measures that would have prevented the sexual harassment of JANE, including without limitation, (i) preventing R.G. and T.F. from having any unobservable conduct with JANE on school grounds; (ii) monitoring and more closely supervising R.G. and T.F.'s interactions with JANE and female students; (iii) assigning a staff member to escort R.G. and T.F. on school grounds; (iv) imposing material and discipline on R.G. and T.F. for their sexual harassment on JANE; (v) warning R.G. and T.F. that they could not come in contact with or sexually harass JANE; (vi) removing them from the school; (vii) taking adverse disciplinary action against R.G. and T.F. for their inappropriate behavior and sexual harassment of JANE; (viii) investigating the allegations against R.G. and

8

Case 1:15-cv-22282-KMM   Document 1   Entered on FLSD Docket 06/16/2015   Page 10 of 13

Jane Doe No. 50 vs. Charter Schools USA, Inc.
Case No:
Complaint

T.F. to determine the extent of their inappropriate behavior and sexual harassment; or (ix) any such other action reasonably intended or designed to protect the students at KEYS GATE CHARTER HIGH SCHOOL from sexual harassment by R.G. and T.F..

47. Despite receipt of actual notice, Principal Baez, the Defendants, and their agents and representatives, acted with deliberate indifference in failing (i) to investigate the reports of sexual harassment against R.G. and T.F.; (ii) to take any action to prohibit R.G. and T.F. from having unsupervised and unobservable access to JANE; (iii) to remove R.G. and T.F. from the school; (iv) to otherwise restrict R.G. and T.F.'s access to JANE or other female students; or (v) engage in any other corrective measure to prevent R.G. and T.F. from sexually harassing JANE.

48. As a result of this gross failure to act, JANE was sexually harassed, sexually assaulted, and threatened by R.G. and T.F.

49. As a direct result and moving force behind the sexual discrimination, harassment and abuse described herein, JANE was deprived of the benefits of an education at KEYS GATE CHARTER HIGH SCHOOL, and has suffered severe and permanent psychological and physical injuries, mental anguish, pain and suffering, and loss of enjoyment of life.

WHEREFORE, Plaintiff JANE demands compensatory damages, attorneys' fees, punitive damages, and fees and costs pursuant to 42 U.S.C. §1988, and such other and further relief as this Court deems just and proper.

## COUNT II
### Negligence
(Against All Defendants)

50. Plaintiff repeats and realleges paragraphs 1 through 38 above.

51. Defendants were in a special relationship with R.G. and T.F., such that they had a duty to control R.G. and T.F.'s conduct and exercise reasonable care in ensuring that they were

9

Case 1:15-cv-22282-KMM   Document 1   Entered on FLSD Docket 06/16/2015   Page 11 of 13

Jane Doe No. 50 vs. Charter Schools USA, Inc.
Case No:
Complaint

safe and posed no threat of foreseeable harm, including sexual abuse, to female students, including JANE.

52. Defendants were in a special relationship with JANE of school-student, in which Defendants had a duty to protect JANE from foreseeable harm, including sexual assault.

53. At all relevant times, Defendants knew or should have known that R.G. and T.F. posed a foreseeable risk of sexual abuse to JANE.

54. At all relevant times, Defendants owed a duty to control the behavior of R.G. and T.F., particularly on CHARTER SCHOOL premises to prevent foreseeable harms.

55. At all relevant times, Defendants owed a duty of reasonable care to protect JANE from foreseeable harms, including sexual abuse by R.G. and T.F.

56. At all relevant times, Defendants had a duty to implement policies and procedures reasonably calculated to protect its students from foreseeable harm due to sexual assault and abuse.

57. A school must not allow students to enter unsupervised areas reserved for teachers and staff.

58. A school must not grant special privileges and exceptions from discipline or consequences to popular athletes, who are thereby emboldened to bully, terrorize and assault other students.

59. A school must act in response to notice of sexual harassment by appropriately disciplining the harassers, controlling their actions and movements on school grounds, and protecting their target from further harassment and harm.

60. A school must exercise direct supervision of students at all times when on school grounds.

10

Case 1:15-cv-22282-KMM Document 1 Entered on FLSD Docket 06/16/2015 Page 12 of 13

Jane Doe No. 50 vs. Charter Schools USA, Inc.
Case No:
Complaint

61. Defendants breached their duty of care owed to JANE by failing to adequately supervise or control R.G. and T.F.; failing to adequately supervise or protect JANE; failing to provide a safe and secure environment for JANE; and failing to warn JANE about the potential danger posed by R.G. and T.F..

62. In addition to the foregoing, Defendants breached their duty of care when Jamaal Fairley provided the keys to his office to R.G. and T.F., thereby giving R.G. and T.F. a secure, unsupervised location in which they could commit their sexual assaults on JANE.

63. Defendants breached their duty of care by failing to adopt or implement policies and procedures to prevent child sexual abuse of students.

64. Defendants breach their duty of care by failing to train school staff in the prevention of sexual assault.

65. As a direct and proximate result of these breaches, R.G. and T.F. sexually assaulted JANE, causing JANE injuries as stated above.

WHEREFORE, Plaintiff JANE demands compensatory damages, attorneys' fees, punitive damages, and fees and costs pursuant to 42 U.S.C. §1988, and such other and further relief as this Court deems just and proper.

## COUNT III
### Loss of Consortium
### (Against all Defendants)

66. Plaintiff, MOTHER DOE, individually, repeats and realleges the allegations set forth in paragraphs 1 through 38, above.

67. As a result of Defendants' negligence and violation of JANE'S common law rights, MOTHER DOE has suffered and will suffer damages, including loss of comfort,

Case 1:15-cv-22282-KMM Document 1 Entered on FLSD Docket 06/16/2015 Page 13 of 13

Jane Doe No. 50 vs. Charter Schools USA, Inc.
Case No:
Complaint

companionship and society, and pecuniary losses, consisting of, without limitation, care and treatment of JANE and loss of earning arising therefrom.

68. The Defendants' acts and omissions were the direct and proximate cause of JANE suffering a permanent and total disability.

WHEREFORE, Plaintiff JANE demands compensatory damages, attorneys' fees, punitive damages, and fees and costs pursuant to 42 U.S.C. §1988, and such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial in this action.

Dated: June 16, 2015

Respectfully submitted,
HERMAN LAW
3351 NW Boca Raton Boulevard
Boca Raton, FL 33431
Tel: 305-931-2200
Fax: 305-931-0877

By: _____
Jeffrey M. Herman, Esq.
Florida Bar No. 521647
jherman@hermanlaw.com
Daniel G. Ellis, Esq.
Florida Bar No. 110589
dellis@hermanlaw.com
Stuart S. Mermelstein, Esq.
Florida Bar No. 947245
smermelstein@hermanlaw.com