UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:15-cv-22282-KMM

JANE DOE NO. 50, by and through
MOTHER DOE, as her parent and
natural guardian, and MOTHER DOE,
individually,

    Plaintiffs,

v.

CHARTER SCHOOLS USA, INC.;
RENAISSANCE CHARTER SCHOOL, INC.;
and CHARTER SCHOOLS USA AT
KEYS GATE, L.C.,

    Defendants.
_____/

## ORDER ON DEFENDANTS' MOTIONS TO DISMISS

This cause is before the Court on Defendant Renaissance Charter School, Inc.'s Motion to Dismiss Plaintiffs' Complaint (ECF No. 15) and Defendants Charter Schools USA, Inc. and Charter Schools USA at Keys Gate L.C.'s Motion to Dismiss Plaintiffs' Complaint (ECF No. 16). While the parties fully briefed the former motion, the Plaintiffs failed to respond to the latter. Both motions, however, are ripe for review. For the reasons that follow, Defendant Renaissance Charter School, Inc.'s ("Renaissance") motion is denied, while Defendants Charter Schools USA, Inc. and Charter Schools USA at Keys Gate L.C.'s motion is granted.

**I.   BACKGROUND**

This is an action for damages arising out of the alleged sexual discrimination, harassment, and assault of Plaintiff Jane Doe during her enrollment at Keys Gate Charter High School. Compl. ¶ 8. The three-count complaint alleges a violation of Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681–1688 (Count I), negligence (Count II), and loss of

consortium (Count III) against all of the Defendants.  *Id.* ¶¶ 39–68.  As relief, the Plaintiff seeks compensatory damages, punitive damages, and attorney's fees and costs.

## II. DISCUSSION

### A. Defendant Renaissance Charter School, Inc.'s Motion to Dismiss Is Denied As Premature

Florida's doctrine of sovereign immunity prohibits a lawsuit against the state or one of its agencies or subdivisions without the government's consent.  *Cauley v. City of Jacksonville,* 403 So. 2d 379, 381 (Fla. 1981).  In cases involving tort liability, however, Florida has waived sovereign immunity.  Fla. Stat. § 768.28(1).  To benefit from the state's waiver of sovereign immunity, a claimant must provide the state or one of its agencies or subdivisions with written notice of any claim before filing suit:

> An action may not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency, and also, except as to any claim against a municipality or the Florida Space Authority, presents such claim in writing to the Department of Financial Services, within 3 years after such claim accrues and the Department of Financial Services or the appropriate agency denies the claim in writing . . . .

Fla. Stat. § 768.28(6)(a).  Before maintaining a lawsuit against the state, not only must a claimant satisfy this notice requirement, but "the complaint must contain an allegation that such notice was given."  *Schaeffer v. Sch. Bd. of Broward Cty., Fla.*, 69 F. Supp. 3d 1327, 1329 (S.D. Fla. 2014) (citations omitted).  An action pursued without first satisfying the statutory notice provision must be dismissed without prejudice so that the plaintiff may amend the complaint to comply with the requirement.  *Id.*

The Defendants move to dismiss the complaint on the grounds that the Plaintiffs failed to give the required pre-suit notice.  Specifically, the Defendants argue, to the extent they are charter schools, they are also "subdivisions" of the state, entitled to sovereign immunity unless a

2

claimant satisfies the pre-suit requirements of Section 768.28(6). According to the Defendants, the complaint fails to allege any such pre-suit notice and, therefore, must be dismissed.

With respect to Defendant Renaissance, the Court disagrees that dismissal is required at this stage of the proceedings. Before Renaissance can benefit from the protections of Section 768.28(6), this Court must make the threshold determination of whether Renaissance is a charter school. Only if that is the case can Renaissance be considered a subdivision of the state, bringing it within the auspices of Section 768.28(6). But whether Renaissance is a charter school is not alleged in the complaint, so to make that determination, the Court must go outside of the pleadings, which in this case would be inappropriate. *See St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002). Accordingly, Renaissance's motion is denied.[1]

**B.     Defendants Charter Schools USA, Inc. and Charter Schools USA at Keys Gate L.C.'s Motion to Dismiss Is Granted By Default**

Not so with respect to Defendants Charter Schools USA, Inc. and Charter Schools USA at Keys Gate L.C.'s motion to dismiss. Local Rule 7.1(c) states that a party's failure to serve an opposing memorandum of law within fourteen days after service of the motion "may be deemed sufficient cause for granting the motion by default." S.D. Fla. L.R. 7.1(c). Like Renaissance, Defendants Charter Schools USA, Inc. and Charter Schools USA at Keys Gate L.C.'s move to dismiss the Plaintiffs' complaint for failure to comply with the statutorily prescribed notice requirement of Florida Statute 768.28(6). The Plaintiffs, however, did not oppose the motion. So, pursuant to Local Rule 7.1(c), the Court finds sufficient cause for granting the motion by default. This action is dismissed without prejudice as to Defendants Charter Schools USA, Inc. and Charter Schools USA at Keys Gate L.C.

---

[1] Because the Court is unable to determine at this stage whether Renaissance is a charter school subject to the notice provisions of Section 768.28(6), it need not and will not address Renaissance's argument that the Plaintiffs' federal Title IX claim (Count I) is also entitled to pre-suit notice under Section 768.28(6).

### III. CONCLUSION

For the foregoing reasons, it is ordered and adjudged as follows:

1. Defendant Renaissance Charter School, Inc.'s Motion to Dismiss Plaintiffs' Complaint (ECF No. 15) is denied.

2. Defendants Charter Schools USA, Inc. and Charter Schools USA at Keys Gate L.C.'s Motion to Dismiss Plaintiffs' Complaint (ECF No. 16) is granted. The complaint is dismissed without prejudice as to these defendants. The Plaintiffs may refile their complaint against Charter Schools USA, Inc. and Charter Schools USA at Keys Gate L.C after complying with the pre-suit requirements of Florida Statute 768.28(6).

Done and ordered in Chambers at Miami, Florida, this 11th day of January, 2016.

　　　　　　　　　　　　　　　　　　K. MICHAEL MOORE
　　　　　　　　　　　　　　　　　　CHIEF UNITED STATES DISTRICT JUDGE

c:　　Counsel of record