IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 15-CV-22282-KMM

JANE DOE NO. 50 and MOTHER DOE,

    Plaintiffs,

vs.

CHARTER SCHOOLS USA, INC., CHARTER SCHOOLS USA AT RENAISSANCE HIGH SCHOOL OF SOUTH DADE, L.L.C., and RENAISSANCE CHARTER SCHOOL, INC.,

    Defendants.
_____/

## AMENDED COMPLAINT

JANE DOE NO. 50 and MOTHER DOE bring this Complaint against Defendants, CHARTER SCHOOLS USA, INC., CHARTER SCHOOLS USA AT RENAISSANCE HIGH SCHOOL OF SOUTH DADE, L.L.C., and RENAISSANCE CHARTER SCHOOL, INC, as follows:

## PARTIES AND JURISDICTION

1.     Plaintiff JANE DOE NO. 50 (hereafter "JANE DOE") is *sui juris* and an adult resident of Miami-Dade County, Florida.

2.     Plaintiff MOTHER DOE is *sui juris* and an adult resident of Miami-Dade County, Florida. She is the mother of JANE DOE.

3.     Defendant CHARTER SCHOOLS USA, INC. (hereafter "CHARTER SCHOOLS USA") is a Delaware for-profit corporation whose principal place of business is in Fort Lauderdale, Florida.


EXHIBIT A

Case 1:15-cv-22282-KMM   Document 89-1   Entered on FLSD Docket 05/19/2016   Page 2 of 15

Jane Doe No. 50, *et al.* vs. Charter Schools USA, Inc., et al
Amended Complaint

4.      Defendant CHARTER SCHOOLS USA AT RENAISSANCE HIGH SCHOOL OF SOUTH DADE, L.L.C., is a Florida Limited Liability Company whose principal address is in Fort Lauderdale, Florida.

5.      Defendant RENAISSANCE CHARTER SCHOOL, INC., is a Florida non-profit corporation, with its principal address in Fort Lauderdale, Florida.

6.      During the relevant time period, CHARTER SCHOOLS USA, CHARTER SCHOOLS USA AT RENAISSANCE HIGH SCHOOL OF SOUTH DADE, L.C.C., and RENAISSANCE CHARTER SCHOOL, INC. owned, operated, maintained, and/or staffed KEYS GATE CHARTER HIGH SCHOOL, a charter school formed in accordance with Florida Statutes §1002.33, located at 2325 Southeast 28th Avenue, Homestead, Florida (hereinafter, CHARTER SCHOOLS USA, INC., CHARTER SCHOOLS USA AT RENAISSANCE HIGH SCHOOL OF SOUTH DADE, L.C.C., and RENAISSANCE CHARTER SCHOOL, INC. shall be collectively referred to as "KEYS GATE CHARTER HIGH SCHOOL" or the "CHARTER SCHOOL"). The defendants receive federal financial funding.

7.      The court has federal question subject matter jurisdiction of this action pursuant to 28 U.S.C. §1331 and 20 U.S.C. §1681(a).  The Court has supplemental jurisdiction of the Plaintiffs' state law claims under 28 U.S.C. §1367.

8.      The Court has venue of this action under 28 U.S.C. §1391 as Keys Gate Charter High School is located in this District, the Plaintiffs resided in this District at all material times, and a substantial part of the events and omissions giving rise to the claim occurred in this District.

9.      A written claim for money damage in conformity with §768.28(6)(a), Fla.

2

Case 1:15-cv-22282-KMM   Document 89-1   Entered on FLSD Docket 05/19/2016   Page 3 of 15

Jane Doe No. 50, *et al.* vs. Charter Schools USA, Inc., et al
Amended Complaint

Stat. was made to CHARTER SCHOOLS USA, INC. and RENAISSANCE CHARTER SCHOOL, INC. on July 11, 2016, CHARTER SCHOOLS USA AT RENAISSANCE HIGH SCHOOL OF SOUTH DADE, L.L.C., and the Florida Department of Financial Services on August 31, 2016, and final disposition of such claims has not been made, and/or the Court has determined such notices of claim were not a prerequisite to bringing this action.

## FACTS

10. This is an action for injury to the Plaintiffs arising from the sexual assault of JANE when she was a 16 years old student at KEYS GATE CHARTER HIGH SCHOOL. At the time of the filing of this Complaint, JANE is 18 years old.

11. T.F., a male, was an 18 year old student at KEYS GATE CHARTER HIGH SCHOOL at the time of the sexual assault described below.

12. R.G., a male, was a student at KEYS GATE CHARTER HIGH SCHOOL at the time of the sexual assault described below.

13. Upon information and belief, T.F. and R.G. were given preferential treatment by CHARTER SCHOOL staff due to their status as football players. T.F. and R.G. were freely allowed to wander the hallways of KEYS GATE CHARTER HIGH SCHOOL, and entered and exited classrooms, offices and restricted areas whenever they desired.

14. JANE began attending KEYS GATE CHARTER HIGH SCHOOL in the 9th grade during the 2011-2012 school year.

## ACTUAL NOTICE OF SEXUAL HARASSMENT

15. During the 2012-2013 school year, T.F. and R.G. began to continually

3

sexually harass JANE at KEYS GATE CHARTER HIGH SCHOOL.

16. The sexual harassment perpetrated by T.F. and R.G. included, but was not limited to: telling JANE the sexual acts they would like to do to her, including having vaginal and oral intercourse with JANE; rubbing against JANE's breast in the hallway of KEYS GATE CHARTER HIGH SCHOOL; the touching of JANE's buttocks by one of the two boys; and asking JANE if she was a virgin and if she had ever had oral sex with a boy before.

17. T.F. and R.G. frequently entered her classroom while class was in session in order to harass JANE. On several occasions, the two boys sexually harassed JANE, asking her to leave her classroom to engage in sexual activities. On at least one occasion, the two boys told JANE to meet them in the bathroom. JANE refused all of these advances.

18. One or more times during the 2012-2013 school year, JANE reported to Dean Jamaal Fairley, Dean of Students at KEYS GATE CHARTER HIGH SCHOOL, the sexual harassment perpetrated on her by T.F. and R.G. Dean Fairley took no action in response.

19. One or more times during the 2013-2014 school year, JANE again reported to Dean Fairley the sexual harassment perpetrated on her by T.F. and R.G. Dean Fairly took no action in response.

20. In or about September 2013, MOTHER DOE met with KEYS GATE CHARTER HIGH SCHOOL guidance counselor Ifreka Singh. JANE was also in attendance at this meeting.

21. During this meeting, JANE became visibly upset and reported to Ms.

4

Case 1:15-cv-22282-KMM   Document 89-1   Entered on FLSD Docket 05/19/2016   Page 5 of 15

Jane Doe No. 50, *et al.* vs. Charter Schools USA, Inc., et al
Amended Complaint

Singh the sexual harassment perpetrated on her by T.F. and R.G. Ms. Singh told MOTHER DOE and JANE that she was sure it was not anything too serious and that the kids talk like this all of the time. However, she stated that she would look into the situation.

22. At this meeting, Ms. Singh adjusted JANE's schedule, but JANE continued to be assigned to the same class as one of the boys who was harassing her.

23. On at least two occasions, MOTHER DOE called KEYS GATE CHARTER HIGH SCHOOL attempting to speak with KEYS GATE CHARTER HIGH SCHOOL's principal to complain that JANE was still being harassed by R.G. and T.F. MOTHER DOE was told that the principal was unable to speak with her.

24. In or about September 2013, MOTHER DOE went to KEYS GATE CHARTER HIGH SCHOOL to speak with KEYS GATE CHARTER HIGH SCHOOL's principal to complain that her daughter was still being harassed by R.G. and T.F. The principal was not available so MOTHER DOE again met with guidance counselor Ms. Singh. In this meeting, MOTHER DOE again reported to Ms. Singh that JANE was being harassed by T.F. and R.G.

25. JANE was called out of class on at least one occasion to meet with Ms. Singh and discuss her schedule and interactions with T.F. and R.G.

26. In or about October 2013, MOTHER DOE met with Principal Baez to inform her that she intended on transferring JANE from KEYS GATE CHARTER HIGH SCHOOL to Killian High School because JANE was still being harassed by T.F. and R.G. JANE thereafter transferred to Killian High School.

27. A few months later, a representative from KEYS GATE CHARTER

Case 1:15-cv-22282-KMM   Document 89-1   Entered on FLSD Docket 05/19/2016   Page 6 of 15

Jane Doe No. 50, *et al.* vs. Charter Schools USA, Inc., et al
Amended Complaint

HIGH SCHOOL contacted Mother Doe. The representative asked MOTHER DOE to send JANE back to KEYS GATE CHARTER HIGH SCHOOL and assured MOTHER DOE that if JANE returned her school environment would be safe.

28.     Following this phone call, MOTHER DOE met with KEYS GATE CHARTER HIGH SCHOOL principal Corinne Baez to discuss JANE returning to KEYS GATE CHARTER HIGH SCHOOL. During the meeting, MOTHER DOE informed Ms. Baez of the details of the sexual harassment JANE suffered from T.F. and R.G.  Ms. Baez assured MOTHER DOE that the school had zero tolerance for sexual harassment and actions that would make students unsafe. MOTHER DOE allowed JANE to return to KEYS GATE CHARTER HIGH SCHOOL based on these assurances.

29.     As a result of this meeting with MOTHER DOE, Ms. Baez, the highest ranking official at KEYS GATE CHARTER HIGH SCHOOL, with the authority to take corrective measures on behalf of JANE to prevent further sexual harassment by R.G. and T.F., had actual notice of R.G. and T.F.'s sexual harassment of JANE.

30.     Due to this actual notice, KEYS GATE CHARTER HIGH SCHOOL was aware that R.G. and T.F. had a proclivity for sexual harassment and sexually inappropriate behavior, particularly toward JANE DOE, and that it was substantially certain to continue if corrective measures were not undertaken, as Principal Baez had promised to MOTHER DOE.

## DELIBERATE INDIFFERENCE

31.     Despite actual notice of R.G. and T.F.'s sexual harassment and inappropriate behavior with JANE, Principal Baez, Dean Fairley, and the KEYS GATE CHARTER HIGH SCHOOL officials and administrators with authority to take corrective

Case 1:15-cv-22282-KMM   Document 89-1   Entered on FLSD Docket 05/19/2016   Page 7 of 15

Jane Doe No. 50, *et al.* vs. Charter Schools USA, Inc., et al
Amended Complaint

measures on behalf of the Defendants demonstrated deliberate indifference by choosing not to take any corrective action against R.G. and T.F. to prevent future sexual harassment of JANE. As a result, R.G. and T.F. continued to have unfettered access to JANE at KEYS GATE CHARTER HIGH SCHOOL, and R.G. and T.F. continued to sexually harass JANE at KEYS GATE CHARTER HIGH SCHOOL

### SEXUAL HARASSMENT/SEXUAL ASSAULT OF JANE

32.     On or about April 15, 2014, JANE was using the restroom at KEYS GATE CHARTER HIGH SCHOOL in between her scheduled classes. No one was in the restroom when she entered her stall.

33.     R.G. entered the restroom and yelled JANE'S name. R.G. then opened JANE'S stall door, grabbed JANE by the arm and demanded sex. T.F. also entered the restroom and R.G. and T.F. pulled JANE out of the bathroom and into the CHARTER SCHOOL hallway.

34.     R.G. reiterated that he and T.F. wanted to have sex with JANE. JANE said no but R.G. persisted.

35.     R.G. pulled out his penis and told JANE to "suck it." JANE was shocked, frightened and did not know how to react. R.G. forced his penis into JANE'S mouth.

36.     R.G. told T.F. to retrieve the keys to a CHARTER SCHOOL official's office from the official.

37.     T.F. returned with the keys to the official's office and the two boys brought JANE to the official's office.

38.     In the office, T.F. and R.G. forced Jane to perform oral sex on them at the same time. The boys took turns receiving oral sex and at one point the two boys stuck

Case 1:15-cv-22282-KMM   Document 89-1   Entered on FLSD Docket 05/19/2016   Page 8 of 15

Jane Doe No. 50, *et al.* vs. Charter Schools USA, Inc., et al
Amended Complaint

their penises inside her mouth at the same time. R.G. and T.F. attempted to choke Jane by pushing their penises as far into her mouth as possible. R.G. and T.F. each ejaculated into Jane's mouth.

39. R.G. and T.F. threatened JANE not to tell anyone about the incident or they would sexually assault her again.

40. As a result of the sexual assault of JANE by R.G. and T.F., JANE has suffered severe psychological, emotional and physical injuries, and emotional distress arising out of the physical injuries, pain and suffering, mental anguish, inconvenience, loss of capacity for the enjoyment of life, inability to lead a normal life, shame, humiliation and regression. The injuries and damages are permanent and continuing in nature.

41. The sexual assault of JANE occurred on a date subsequent to JANE DOE'S reporting of her sexual harassment to Dean Fairley, Ms. Singh, and MOTHER DOE's meetings with Principal Baez.

## COUNT I

### Violation of Title IX, Education
### Amendments of 1972 - 20 U.S.C. §1681 et seq.
### (Against All Defendants)

42. Plaintiff JANE DOE repeats and re-alleges the allegations set forth in paragraphs 1 through 41 above.

43. At all relevant times, the Defendants received federal financial assistance.

44. JANE had a right to not be subject to sexual discrimination, harassment or abuse while she participated in the Defendant's education program or activity receiving federal financial assistance.

45. Upon information and belief, Defendants had actual notice that R.G. and

Case 1:15-cv-22282-KMM   Document 89-1   Entered on FLSD Docket 05/19/2016   Page 9 of 15

Jane Doe No. 50, *et al.* vs. Charter Schools USA, Inc., et al
Amended Complaint

T.F. were sexually harassing JANE and posed a grave danger to JANE and other female students in the school of further sexual harassment and abuse.

46. The prior complaints to Principal Baez, Dean Fairley, and other KEYS GATE CHARTER HIGH SCHOOL officials and administrators of sexual harassment by R.G. and T.F., from JANE and MOTHER DOE, alerted Principal Baez, Dean Fairley, and other agents and officials of Defendants to R.G. and T.F.'s sexual harassment of and sexually inappropriate behaviors with JANE.

47. Corinne Baez, as Principal, and Jamaal Fairley, as Dean of Students, and other KEYS GATE CHARTER HIGH SCHOOL officials and administrators with actual notice, had authority to institute corrective measures on behalf of the Defendants, in response to the danger posed by R.G. and T.F.

48. Upon information and belief, the decisions of Principal Baez, Dean Fairley, and the Defendants, after receipt of actual notice of sexual harassment by R.G. and T.F., to allow R.G. to continue to attend school without instituting any corrective measures, were official decisions to ignore the danger of sexual harassment or sexual abuse to JANE and the female students in their care.

49. In response to actual notice that R.G. and T.F. posed a risk of sexual harassment or abuse to students at KEYS GATE CHARTER HIGH SCHOOL, Principal Baez, Dean Fairley, and the Defendants could have instituted any of a number of corrective measures that would have prevented the sexual harassment of JANE, including without limitation, (i) preventing R.G. and T.F. from having any unobservable conduct with JANE on school grounds including prohibiting access to secluded areas such as locker rooms and administration offices; (ii) monitoring and more closely supervising

Case 1:15-cv-22282-KMM Document 89-1 Entered on FLSD Docket 05/19/2016 Page 10 of 15

Jane Doe No. 50, *et al.* vs. Charter Schools USA, Inc., et al
Amended Complaint

R.G. and T.F.'s interactions with JANE and female students; (iii) assigning a staff member to escort R.G. and T.F. on school grounds; (iv) imposing material and discipline on R.G. and T.F. for their sexual harassment on JANE; (v) warning R.G. and T.F. that they could not come in contact with or sexually harass JANE; (vi) removing them from the school; (vii) taking adverse disciplinary action against R.G. and T.F. for their inappropriate behavior and sexual harassment of JANE; (viii) investigating the allegations against R.G. and T.F. to determine the extent of their inappropriate behavior and sexual harassment; or (ix) any such other action reasonably intended or designed to protect the students at KEYS GATE CHARTER HIGH SCHOOL from sexual harassment by R.G. and T.F..

50. Despite receipt of actual notice, Principal Baez, Dean Fairley, the Defendants, and their agents and representatives, acted with deliberate indifference in failing (i) to investigate the reports of sexual harassment against R.G. and T.F.; (ii) to take any action to prohibit R.G. and T.F. from having unsupervised and unobservable access to JANE including prohibiting access to secluded areas such as locker rooms and administrative offices; (iii) to remove R.G. and T.F. from the school; (iv) to otherwise restrict R.G. and T.F.'s access to JANE or other female students; or (v) engage in any other corrective measure to prevent R.G. and T.F. from sexually harassing JANE.

51. As a result of this gross failure to act, JANE was sexually harassed, sexually assaulted, and threatened by R.G. and T.F.

52. As a direct result and moving force behind the sexual discrimination, harassment and abuse described herein, JANE was deprived of the benefits of an education at KEYS GATE CHARTER HIGH SCHOOL, and has suffered severe and

permanent psychological and physical injuries, mental anguish, pain and suffering, and loss of enjoyment of life.

WHEREFORE, Plaintiff JANE demands judgement against CHARTER SCHOOLS USA, INC., CHARTER SCHOOLS USA AT RENAISSANCE HIGH SCHOOL OF SOUTH DADE, L.L.C., and RENAISSANCE CHARTER SCHOOL, INC, for compensatory damages, attorneys' fees, punitive damages, and fees and costs pursuant to 42 U.S.C. §1988, and such other and further relief as this Court deems just and proper.

## COUNT II – NEGLIGENCE
### (Against All Defendants)

53. Plaintiff repeats and realleges paragraphs 1 through 41 above.

54. Defendants were in a special relationship with R.G. and T.F., such that they had a duty to control R.G. and T.F.'s conduct and exercise reasonable care in ensuring that they were safe and posed no threat of foreseeable harm, including sexual abuse, to female students, including JANE.

55. Defendants were in a special relationship with JANE of school-student, in which Defendants had a duty to protect JANE from foreseeable harm, including sexual assault.

56. At all relevant times, Defendants knew or should have known that R.G. and T.F. posed a foreseeable risk of sexual abuse to JANE.

57. At all relevant times, Defendants owed a duty to control the behavior of R.G. and T.F., particularly on CHARTER SCHOOL premises to prevent foreseeable harms.

58. At all relevant times, Defendants owed a duty of reasonable care to protect

Case 1:15-cv-22282-KMM Document 89-1 Entered on FLSD Docket 05/19/2016 Page 12 of 15

Jane Doe No. 50, *et al.* vs. Charter Schools USA, Inc., et al
Amended Complaint

JANE from foreseeable harms, including sexual abuse by R.G. and T.F.

59. At all relevant times, Defendants had a duty to implement policies and procedures reasonably calculated to protect its students from foreseeable harm due to sexual assault and abuse.

60. A school must not allow students to enter unsupervised areas reserved for teachers and staff.

61. A school must not grant special privileges and exceptions from discipline or consequences to popular athletes, who are thereby emboldened to bully, terrorize and assault other students.

62. A school must exercise direct supervision of students at all times when on school grounds.

63. Defendants breached their duty of care owed to JANE by failing to adequately supervise or control R.G. and T.F.; failing to adequately supervise or protect JANE; failing to provide a safe and secure environment for JANE; and failing to warn JANE about the potential danger posed by R.G. and T.F.

64. In addition to the foregoing, Defendants breached their duty of care when their official provided the keys to his office to R.G. and T.F., thereby giving R.G. and T.F. a secure, unsupervised location in which they could commit their sexual assaults on JANE.

65. Defendants breached their duty of care by failing to adopt or implement policies and procedures to prevent child sexual abuse of students.

66. Defendants breach their duty of care by failing to train school staff in the prevention of sexual assault.

Jane Doe No. 50, *et al.* vs. Charter Schools USA, Inc., et al
Amended Complaint

67. As a direct and proximate result of these breaches, R.G. and T.F. sexually assaulted JANE, causing JANE injuries as stated above.

WHEREFORE, Plaintiff JANE demands judgement against CHARTER SCHOOLS USA, INC., CHARTER SCHOOLS USA AT RENAISSANCE HIGH SCHOOL OF SOUTH DADE, L.L.C., and RENAISSANCE CHARTER SCHOOL, INC, for compensatory damages, attorneys' fees, punitive damages, and such other and further relief as this Court deems just and proper.

## COUNT III – LOSS OF CONSORTIUM
### (Against all Defendants)

68. Plaintiff, MOTHER DOE, individually, repeats and realleges the allegations set forth in paragraphs 1 through 41, above.

69. As a result of Defendants' negligence and violation of JANE'S common law rights, MOTHER DOE has suffered and will suffer damages, including loss of comfort, companionship and society, and pecuniary losses, consisting of, without limitation, care and treatment of JANE and loss of earning arising therefrom.

70. The Defendants' acts and omissions were the direct and proximate cause of JANE suffering a permanent and total disability.

WHEREFORE, Plaintiff, MOTHER DOE, individually, demands judgment against CHARTER SCHOOLS USA, INC., CHARTER SCHOOLS USA AT RENAISSANCE HIGH SCHOOL OF SOUTH DADE, L.L.C., and RENAISSANCE CHARTER SCHOOL, for compensatory damages for loss of consortium, costs, and such other and further relief as is just and proper.

Jane Doe No. 50, *et al.* vs. Charter Schools USA, Inc., et al
Amended Complaint

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial in this action.

Dated: _____		Respectfully Submitted,

HERMAN LAW
3351 NW Boca Raton Boulevard
Boca Raton, Florida 33431
Tel: 305-931-2200
Fax: 305-931-0877
www.hermanlaw.com

By: _____
**Jeff Herman, Esq.**
Florida Bar No: 512647
jherman@hermanlaw.com
**Stuart Mermelstein, Esq.**
Florida Bar No: 948345
smermelstein@hermanlaw.com
mconnor@hermanlaw.com
**Lee Gill Cohen, Esq.**
Florida Bar No. 825670
lcohen@hermanlaw.com
jnewborn@hermanlaw.com
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed and served via CM/ECF mail this ___ day of _____, 2016 to:

**Emmanuel Galimidi, Esq.**
Florida Bar No. 666831
eg@lydeckerdiaz.com
cph@lydeckerdiaz.com
**Jason Trauth, Esq.**
Florida Bar No. 739871
jbt@lydeckerdiaz.com
jlf@lydeckerdiaz.com
LYDECKER DIAZ
1221 Brickell Avenue, 19th Floor
Miami, Florida 33131-3240
Tel: (305) 416-3180
Fax: (305) 416-3190

By: _____
**Lee Gill Cohen, Esq.**
Florida Bar No. 825670
lcohen@hermanlaw.com